# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-902V
UNPUBLISHED

| | |
|---|---|
| K.B.,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 18, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA*, for petitioner.

*James Vincent Lopez, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION AWARDING DAMAGES[1]

  On June 20, 2019, K.B. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration as a result of the tetanus, diphtheria, and acellular pertussis vaccine administered to her on December 1, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On October 16, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On November 19, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $141,603.72 (representing $137,500.00 in pain and suffering and $4,103.72 in unreimbursable

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

expenses). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $141,603.72 (representing $137,500.00 in pain and suffering and $4,103.72 in unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.