# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-902V
(not to be published)

| | |
|---|---|
| K.B.,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 17, 2020<br><br>Motion to Redact; Special Processing Unit (SPU); Tetanus Diphtheria acellular Pertussis (Tdap); Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

### ORDER GRANTING MOTION TO REDACT AND AMENDING CASE CAPTION[1]

On June 20, 2019, K.B. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration as a result of the tetanus, diphtheria, and acellular pertussis vaccine administered to her on December 1, 2017. Petition at 1.

I issued a Ruling on Entitlement on October 16, 2020. ECF No. 33. Petitioner has now timely requested, pursuant to Vaccine Rule 18(b), that I redact her name to her initials

---

[1] Because this unpublished order contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet. In light of my conclusion below, however, I intend to post this Order with a redacted caption.** To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

throughout the Ruling on Entitlement, including her case caption. ECF No. 35. For the reasons stated below, I hereby grant Petitioner's motion.

## Procedural Background

Petitioner filed the present motion on October 21, 2020, requesting that her name be redacted from the Ruling on Entitlement. ECF No. 35. Petitioner argues that an internet search of her name will retrieve the Ruling on Entitlement in this case. *Id*. at 3-4. Her request for redaction stems from the fact that she is a physician working as a pediatrician in both an urgent care setting and at a family medicine clinic. *Id*. at 4. As a result, she "is concerned that she may be perceived as 'anti-vaccine' if her name appears in the context of a Vaccine Program proceeding, which could adversely impact her medical practice and professional relationships with her patients and colleagues." *Id*.

Respondent filed a brief in reaction to Petitioner's motion. ECF No. 36. Respondent took no position as to whether redaction was appropriate or not, deferring resolution of the matter to my judgment. *Id*. at 4-5. Respondent did, however, discuss the standards to be applied in weighing redaction requests based on two decisions addressing the matter at length. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 456-60 (Fed. Cl. 2011), *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013); *Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013); ECF No. 36 at 2-4. Petitioner did not file a reply. The matter is now ripe for resolution.

## Analysis

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015); § 12(d)(4)(B); Vaccine Rule 18(b). The Act provides for redaction from published decisions of certain categories of information – "medical files and similar files" – but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules allow for the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing. *See generally W.C.*,100 Fed. Cl. at 460-61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland*, 2011 WL 802695, at *7-8

(petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

As I have previously observed, *W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's motion for redaction because disclosure of her injuries would cause her harm in the employment context).

Here, I find that it is appropriate to grant the redactions proposed by Petitioner, because she has met her burden. Specifically, she has established reasonable grounds related to her professional life for requesting redaction. *See K.L.*, 2015 WL 11882259; *N.W. v. Sec'y of Health & Human Servs.*, No. 07-93V, 2018 WL 5851061 (Fed. Cl. Spec. Mstr. Jul. 13, 2018) (granting Petitioner's motion for redaction finding that Petitioner's particular professional and educational concerns outweighed the competing interest in disclosure). In addition, the scope of the request is reasonable, as Petitioner asks only that her name be redacted to her initials, rather than seeking to redact information such as references to her medical condition, or the vaccine claimed to have caused her injury.[3] Accordingly, I will grant Petitioner's motion to redact her name to her initials.

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her name in the Ruling on Entitlement, and **I therefore GRANT her motion. The Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

---

[3] In any event, such information would not be appropriate for redaction under the Vaccine Act given the public's interest in disclosure of possible vaccine-related injuries and their causes. *See W.C.,* 100 Fed. Cl. at 461.

3

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
